

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 MAY 15 PM 2:44
CLERK'S OFFICE
AT BALTIMORE
BY_________DEPUTY

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Judson T. Mihok*
*Assistant United States Attorney*
*Judson.Mihok@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4903*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

February 10, 2015

Ms. Deborah L. Boardman
Office of the Federal Public Defender
For the District of Maryland
100 South Charles Street
Tower II, Suite 1100
Baltimore, MD 21201

Re: United States v. Samuel Vega JFM 14-0585

Dear Ms. Boardman:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business on February 20, 2015, it will be deemed withdrawn.

The terms of the agreement are as follows:

Offense of Conviction

1. The Defendant agrees to plead guilty to Counts Two and Five of the Indictment now pending against him which charges him with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a. On or about the date listed in the Indictment in Maryland, the Defendant knowingly possessed a visual depiction;

b. The depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

c. Producing the visual depiction involved using a minor engaged in sexually explicit conduct;

d. The depiction is of a minor engaged in sexually explicit conduct; and

e. The Defendant knew that at least one of the individuals in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

f. The Defendant knew that at least one of the individuals in the visual depiction was of a prepubescent minor, that is, a minor under the age of 12, depicted in sexually explicit conduct.

Penalties

3. The maximum sentence provided by statute for the offenses to which your client is pleading guilty is as follows: imprisonment for not more than twenty (20) years, followed by a term of supervised release of not less than five years and not more than life and a fine of up to $250,000. In addition, the Defendant must pay $100 as a special assessment for each offense pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4. The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

Waiver of Rights

5. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

Advisory Sentencing Guidelines Apply

6. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

7. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

a. The base offense level is eighteen (18) pursuant to USSG §2G2.2(a)(1).

b. Pursuant to USSG §2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

c. Pursuant to USSG §2G2.2(b)(3)(F), there is a two (2) level increase because the offense involved distribution.

d. Pursuant to USSG §2G2.2(b)(4), there is a four (4) level increase because the material portrays sadistic or masochistic conduct or other depictions of violence.

e. Pursuant to USSG §2G2.2(b)(6), there is a two (2) level increase because the distribution involved the use of a computer.

f. Pursuant to USSG §2G2.2(b)(7)(D), there is a five (5) level increase because the number of images exceeds 600.

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to USSG §3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Thus, the final anticipated adjusted base offense level is 30.

8. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

Plea Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)

10. The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), a sentence of forty-eight (48) months in the custody of the Bureau of Prisons, plus a term of lifetime supervised release, is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A). Should the Government so elect, it will be afforded the opportunity to proceed on all counts of the Indictment.

Obligations of the United States Attorney's Office

11. At the time of sentencing, the United States Attorney's Office will recommend a sentence of forty-eight months in the custody of the Bureau of Prisons and a term of lifetime supervised release.

12. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

Waiver of Appeal

13. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of

forfeiture, order of restitution, and term or condition of supervised release), except the Defendant reserves the right to appeal a sentence that is above 48 months in the custody of the Bureau of Prisons. The Government reserves the right to appeal a sentence this is below 48 months in the *custody of* the Bureau of Prison and/or if the sentence does not include a term of lifetime supervised release.

c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

14. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

15. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.

Forfeiture

16. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence and vehicle on May 29, 2014, including, but not limited to: a Gateway GT5404 desktop computer made in China with accompanying Seagate Barracuda 500 GB hard disk drive, (s/n: 6VM1AVLD) made in China; an Asus X53 laptop made in China, with accompanying Hitachi 640 GB hard disk drive (s/n: 53HR6BXD) made in Thailand; a Toshiba external hard disk drive, 1 TB model V636600-C (s/n: Z2KAP7MLTSX3) made in China; and a Toshiba external hard drive, 500 GB, (s/n: 12E3T22XTQQ6) made in China. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

Restitution

17. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

Entire Agreement

18. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: [signature]
Judson T. Mihok
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

3/3/2015
Date

[signature]
Samuel Vega

I am Mr. Vega's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

3/3/15
Date

[signature]
Deborah L. Boardman

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 MAY 15 PM 2:44
CLERK'S OFFICE
AT BALTIMORE
BY________DEPUTY

# EXHIBIT A
# STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Samuel Vega, age 53, is a resident of Harwood, Maryland.

On or about January 26, 2014, in the District of Maryland, the Defendant, distributed several images depicting minors engaged in sexually explicit conduct. He utilized a website that facilitates chat that can be in group or more public sessions, as well as more private chat which is just between two individuals. The Defendant, using the screen name "single dad 47" distributed files, including, but not limited to, with the following titles: "136460120178800.jpg", an image file which depicts a naked adult male straddling the chest of a naked minor female as the adult male's right hand is on the head of the minor female and his left hand is on his erect penis which is on the mouth of minor female; and "3e034273.jpg", an image file that depicts a prepubescent female wearing only black and white striped knee high socks lying on her back while her arms are stretched above her head with her hands tied with white material while a black strip of material is tying each of her thighs to her shins and her legs are spread exposing her genitalia as a naked male is between her legs with his penis penetrating her vagina.

After confirming that the IP address utilized to upload the above child pornography files resolved to the Defendant's residence, a search warrant was applied for, authorized, and executed on May 29, 2014. Agents seized a number of items, including, but not limited to, a Gateway GT5404 desktop computer made in China with accompanying Seagate Barracuda 500 GB hard disk drive, (s/n: 6VM1AVLD) made in China; an Asus X53 laptop made in China, with accompanying Hitachi 640 GB hard disk drive (s/n: 53HR6BXD) made in Thailand; a Toshiba external hard disk drive, 1 TB model V636600-C (s/n: Z2KAP7MLTSX3) made in China; and a Toshiba external hard drive, 500 GB, (s/n: 12E3T22XTQQ6) made in China.

Forensic analysis of the above referenced items revealed that all had images depicting minors engaged in sexually explicit conduct stored on them. The images included prepubescent minors and minors involved in sadistic, masochistic or other depictions of violence. For example, a file entitled "136224404876520.jpg" which was recovered from the 500 GB Toshiba external hard drive was an image file that depicted a naked prepubescent female lying on her back with her thighs duct taped to her ankles and her legs spread as a naked adult male's erect penis is penetrating her vagina. A second example, recovered from the 1 TB Toshiba external hard drive was a file entitled "025dbb8345db2d87295290322a2c314d.bmp" which was an image file that focused on the vagina of a prepubescent female with her legs spread who has white tape over her mouth, her wrists (which are bound), and her calves and thighs (which are bound), and who also has a white rope binding each of her legs and arms together. A third example was located on the Asus laptop which was a file entitled "f_006bda.jpg" which was an image file that depicted a naked prepubescent minor lying on her back while an adult male's penis is penetrating her vagina with the words "fuck me" with an arrow pointed to her vagina is written on her stomach; and a fourth example, from the same Asus laptop, was a file entitled "f_0022b3.jpg"

which was an image file that focused on the vagina of a prepubescent female who is wearing only black stockings, lying on a bed with her legs spread as her arms are tied above her head with yellow rope and each of her ankles is tied to her thighs using yellow rope.

These images and video files depicting child pornography had been downloaded from various websites on the Internet, and the Defendant had actively traded these images and videos of child pornography with other individuals via the Internet. The total volume of child pornography from these sources was approximately 1859 images and 337 videos.

During a preliminary, non-custodial and voluntary interview on May 29, 2014 at his residence, the Defendant acknowledged utilizing the website and chat room in question, as well as the screen name "single dad 47." The Defendant admitted that he uploaded many images of child pornography in chat rooms on at least three separate websites. The Defendant stated he had been looking at child pornography for two to three years; that his preference was for females who were between 11 and 13 years old; that he sometimes masturbated to images of child pornography; and that the child pornography he saw depicted minors who were much younger than 11 years old. The Defendant also told the agents about an IPA masking service he utilized when utilizing the various websites to distribute and receive images of child pornography.

The images the Defendant distributed in and affecting interstate commerce and possessed at his residence depicted prepubescent minors, under the age of 12, engaged in sexually explicit conduct, to include images depicting sadistic and masochistic conduct, as well as other depictions involving violence. The Defendant sought out these visual depictions on the Internet and knowingly distributed them via the internet. The Defendant knew the images depicted minors engaged in sexually explicit conduct; in addition, the images had traveled in interstate or foreign commerce.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

3/3/2015
Date

Samuel Vega

I am Samuel Vega's attorney. I have carefully reviewed every part of this Factual Stipulation with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

3/3/2015
Date

Deborah L. Boardman